HOLMES, Judge.
This is a termination of parental rights case.
Following an ore terms hearing, the Juvenile Court of Butler County ordered the permanent termination of all parental rights of the mother and father of Faith Charity Childs, Mary Diane Pilkington, and Andrew Byron Pilkington, ages seven, five, and three respectively. Permanent legal custody of the children was vested in the Alabama Department of Human Resources (Department).
Only the mother appeals, and we affirm.
The dispositive issue on appeal is whether there exists clear and convincing evidence which supports the trial court’s decision to terminate the mother’s parental rights.
It is well settled that the parents have a prima facie right to custody of a child. However, the overriding consideration is always the best interests of the child. Brown v. Alabama Department of Pensions & Security, 473 So.2d 533 (Ala.Civ. App.1985). In determining the child’s best interests, the court must consider whether a party to a custody proceeding is physically, financially, and mentally able to care for the child. Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App.1984). The parental rights of the parents can then be terminated if the court finds from clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities to and for the child. Ala.Code (1975), § 26-18-7(a).
Additionally, we note that the determination made by the trial court following an ore tenus hearing is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. In the Matter of Moore, 470 So.2d 1269 (Ala.Civ.App. 1985).
In the present case there is clear and convincing evidence which supports the trial court’s order.
The record reveals, in pertinent part, that the children have remained in foster care intermittently for a total of two years. During this time the mother has made little effort toward self-rehabilitation in order to regain custody of her children. The Department has provided written plans of responsibility so that the mother could achieve mutual goals. However, the requirements of the agreements were never accomplished. The evidence reveals that the mother has failed to maintain regular visits and contacts with her children. Further, the record reveals that the mother has made no effort to contribute any support for the children while they were in foster care. The evidence also shows that the mother has refused to adjust her circumstances to meet the needs of her children.
The testimony at trial shows that the mother has never managed to establish a *194 stable home. She has continuously moved from place to place and once failed to notify the Department of her whereabouts. From June 1982 until the hearing in April 1986, the mother has had twenty-four different residences.
The record reveals that at one point the mother had been evicted from her apartment, had no food, and had no place to go. At that time, the Department received temporary custody of the children.
The record also reveals that the mother has had marital problems. The evidence shows that the mother and the father of two of the children have been separated and reunited numerous times. The mother testified that drinking was their main problem. In one instance the evidence reveals that the father severely beat the mother and threatened the children. At this time the Department again picked up the children. The mother testified that she intended to get a divorce. However, the record reveals that she has not done so.
The evidence further shows that, while the mother had physical custody of the children, she was receiving aid to dependent children. However, the record reveals that the checks were stopped because the mother did not return the required monthly reports. Also, Ms. Jean Richardson, the oldest child’s teacher, testified that the child was absent nine times in a four-month period. The teacher testified that she sent five or six notes home to the mother, requesting a parent-teacher conference, but that the mother never responded to the requests.
Under § 26-18-7(a), Ala.Code (1975), there are several factors which the court shall consider, but to which it is not limited, in determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child. One of these factors is that reasonable efforts by the Department leading toward the rehabilitation of the parents have failed. Here, the evidence is clear that the Department worked with the mother in an effort for her to regain custody of her children. However, all attempts at rehabilitation have been unsuccessful. As noted above, the mother never fulfilled the provisions of the written service plan set up between her and the Department. She has never established a permanent residence for any significant period of time. She has not regularly attended the counseling sessions at the mental health center, which were set up to discuss her marital problems and parenting skills. She also has not obtained employment with goals of establishing a regular income.
Additionally, under § 26-18-7(b), Ala.Code (1975), where, as in this case, the child is not in the parents’ custody, the court shall consider the following: (1) the failure by the parents to maintain regular visits with the child, (2) the failure to maintain consistent contact or communication with the child, and (3) the lack of efforts by the parents to adjust their circumstances to meet the needs of the child in accordance with the agreements reached between the Department and the parents.
As stated above, the mother has failed to maintain regular visits and contacts with her children. The record reveals that, for three months in 1982 while the children were in foster care, the mother never visited the children and only called to inquire about them twice. Also, from January to April 1986, while the children were again in foster care, the mother never attempted to contact the children. The record is clear that the mother has refused to adjust her circumstances to meet the needs of her children.
While having physical custody of the children, she has left them overnight with a day-care mother twice without any prior notice. She has been increasingly tardy in picking up the children from the day-care center. She has left the oldest child with her grandmother while she was living with a man in another county along with the two younger children. The mother has changed jobs frequently and was terminated from employment on numerous occasions for failure to report for work.
The record is also clear that the Department sought less drastic alternatives other than termination of the parents’ rights. The record reveals that all attempts to place the children with relatives were unsuccessful.
*195 In view of the above, there was clear and convincing evidence that termination of the mother’s parental rights would be in the children’s best interests. Brown, 473 So.2d 533.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.